Brady, J.
The plaintiff seeks specified documents relating to the investigation of the murder of Linda Goudey on October 4, 1993, and to depose two state troopers involved in the investigation. The relevant background is as follows. Dr. Linda Goudey was murdered on October 4, 1993 in Stoneham. A suspect was her boyfriend, Dr. Timothy Stiyker. A homicide investigation immediately ensued. Evidently insufficient information came to light to support an indictment. On September 27,1996 the plaintiff, as administratrix of the estate of the deceased, commenced this wrongful death action against Dr. Stiyker.
This civil case took a backseat to the ongoing criminal investigation. The crucial information relating to the murder remains in the sole custody of law enforcement. As time passed and the likelihood of a prosecution decreased, plaintiff sought to discover the investigatoiy material. The district attorney objected to producing materials, and court denied the motions. Plaintiff took an interlocutory appeal, and on February 13, 2001, Justice Porada of the Appeals Court vacated the Superior Court judge’s decision and remanded with direction that the Superior Court judge “assess anew whether the disclosure of any of the information or materials requested would unduly prejudice law *136 enforcement’s investigation of the Goudey homicide or whether any other exemption claimed by the district attorney precludes disclosure of the requested materials.”
Thereafter the assistant district attorney in charge of the investigation, Sheila M. Caulkins, submitted an affidavit dated May 15, 2001 in camera to the Superior Court judge who, once again, denied the requested discovery.
There the matter stood until the case came before me for a status conference in February 2003. It being clear that this case would go nowhere without the requested discovery, I solicited renewed discovery motions. Renewed motions to compel deposition testimony and to produce documents were filed by plaintiff on March 24, 2003. The district attorney rested on the May 15, 2001 affidavit filed by Ms. Caulkins, I heard arguments on the motions on March 26, 2003.
After consideration, the motions are allowed. Over ten years have now passed since the death of Ms. Goudey. The case, like all homicide cases, will always remain open because the possibility will always exist that other significant information may come to the attention of law enforcement by way of witnesses coming forward or through advances in forensic science. One can only regard that possibility as remote at this stage.
The crux of the investigatory exemption under the public records act, G.L.c. 4, Section 7, clause 26(f), is whether release of the materials “would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest.” The thrust of Ms. Caulkins’ affidavit is the obvious: the police do not want any suspects knowing what information they have compiled. Of course that is important, but the passage of time renders the point less and less significant.
The Commonwealth also asserts the privacy exemption under G.L.c. 4, Section 7, clause 26(c). (“Unwarranted invasion of personal privacy”). The SJC has said that “ (a)pplication of the privacy exemption . . . requires a balancing between any claimed invasion of privacy and the interest of the public in disclosure.” Globe Newspaper Co. v. Police Commissioner of Boston, 419 Mass. 852, 858-59 (1995). As Justice Garsh has noted, the issue here is not whether these records must be made available for public inspection, but whether they are subject to discovery in civil litigation arising out of the crime at issue. Doe vs. Lyons, 6 Mass. L. Rptr. No. 13, 274, 276 (February 24, 1997). I expect the parties and the assistant district attorney to work out an appropriate stipulation so that the investigatory information does not become public. Insofar as the revelation of names of individuals who may not wish to become involved, their desires take a back seat to the right of every litigant to a person’s evidence.
As far as the work product or communications to the district attorney privileges are concerned, the plaintiff is not seeking materials that reflect “mental impressions of law enforcement officers.” The back-bearings that one may take from questions asked of witnesses, or avenues pursued by investigators, does not fit within “mental impressions.”
ORDER
1. Plaintiffs motions to compel deposition testimony and to produce documents are
allowed.
2. This order is stayed for ten days to allow the district attorney to seek interlocutory appellate review.
3. In the event that the parties, including the assistant district attorney, are unable to agree upon terms of a confidentiality order, the undersigned justice will retain jurisdiction to rule on pertinent motions.